UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ALBERTO PAREJAS,

              Plaintiff,

    -against-

GENERAL ELECTRIC CAPITAL SERVICES,
INC., UNITED HOME FUNDING GROUP CORP.,
CHASE HOME FINANCE, LLC, and
"JOHN DOE #1" through "JOHN DOE #10,"

              Defendants.
-----------------------------------------------------------------x

**MEMORANDUM & ORDER**

10-CV-3348 (DLI)

**DORA L. IRIZARRY, United States District Judge:**

Plaintiff Alberto Parejas initiated this action[1] against defendants General Electric Capital Services, Inc. ("GE"), United Home Funding Group Corp. ("United"),[2] Chase Home Finance, LLC ("Chase"), and several unnamed successors in interest[3] to the named defendants. The gravamen of plaintiff's complaint is that he was the victim of predatory lending practices when he secured two mortgages to purchase his home located in College Point, New York ("premises"). The complaint alleges violations of three federal statutes: the Federal Truth in Lending Act ("TILA"), the Federal Equal Credit Opportunity Act ("ECOA"), and the Federal Fair Housing Act ("FHA"). Plaintiff also alleges various causes of action arising under

---

[1] The Complaint filed on June 29, 2011 governs. (Docket Entry 25.)

[2] According to the Complaint, United was the mortgage broker involved in the transactions at issue. (Compl. ¶ 3.)

[3] To the extent a claim alleged against a named defendant is dismissed in this Order, that claim is also dismissed to the same extent as against the John Doe defendants.

1

New York law. Before the court is a motion to dismiss filed by GE and a motion for judgment on the pleadings filed by Chase.

For the reasons set forth below, GE's motion to dismiss and Chase's motion for judgment on the pleadings are granted. Plaintiff's claims against GE and Chase are dismissed with prejudice. The Complaint is dismissed without prejudice as against United for lack of service. (Docket Entry 26.)

## DISCUSSION

I. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure states that a defendant may move, in lieu of an answer, for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To determine whether dismissal is appropriate, "a court must accept as true all [factual] allegations contained in a complaint" but need not accept "legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). For this reason, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to insulate a claim against dismissal. *Id.* Moreover, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint . . . has not shown that the pleader is entitled to relief." *Id.* at 1950 (internal citations and quotation marks omitted).

II. <u>GE's 12(b)(6) Motion to Dismiss Claim of Dominion over WMC</u>

According to the Complaint, WMC Mortgage Corp. ("WMC"), was the company that provided plaintiff with the mortgages on the premises. (Compl. ¶ 2.) The Complaint further alleges that WMC "was owned by [GE], and made up [GE's] U.S. mortgage business at the time" the mortgages were entered into, and thus, GE is liable for the acts of WMC during the time of the transactions in question. (*Id.*)

"It is a general principle of corporate law that a parent corporation . . . is not liable for the acts of its subsidiaries." *U.S. v. Bestfoods*, 524 U.S. 51, 52 (1998). Under New York law, "two elements must be shown in order to pierce the corporate veil: (i) that the owner exercised complete dominion over the corporation with respect to the transaction at issue; *and* (ii) that such domination was used to commit a fraud or wrong that injured the party seeking to pierce the veil." *McAnaney v. Astoria Fin. Corp.*, 665 F. Supp. 2d 132, 143 (E.D.N.Y. 2009) (citations and internal quotation marks omitted). Courts look at a number of non-exclusive factors to determine whether the necessary dominion and control exists for the court to pierce the corporate veil, including:

> (1) disregard of corporate formalities; (2) inadequate capitalization; (3) intermingling of funds; (4) overlap in ownership, officers directors, and personnel; (5) common office space, address and telephone numbers of corporate entities; (6) the degree of discretion shown by the allegedly dominated corporation; (7) whether the dealings between the entities are at arms length; (8) whether the corporations are treated as independent profit centers; (9) payment or guarantee of the corporation's debts by the dominating entity, and (10) intermingling of property between the entities.

*IMG Fragrance Brands, LLC v. Houbigant, Inc.*, 679 F. Supp. 2d 395, 404 (S.D.N.Y. 2009). In applying these factors, "there is a presumption of separateness . . . which is entitled to substantial weight." *McAnaney*, 665 F. Supp. 2d at 143 (quoting *Am. Protein Corp. v. AB Volvo*, 844 F.2d 56, 60 (2d Cir. 1988)).

> The extent of plaintiff's allegations in this regard is that:
>
> based upon [GE's] SEC form 10-Q for the period [ended] September 30, 2009, WMC Mortgage Corp. ("WMC Mortgage"), the company which provided [plaintiff] with the mortgage on the premises . . . , was owned by [GE], and made up [GE's] U.S. mortgage business at the time of the transaction in question. [GE] is, thus, liable for the acts and/or omissions of WMC Mortgage during the time of the transaction in question.

(Compl. ¶ 2.) Thus, in attempting to plead dominion, plaintiff alleges little more than the ownership of a parent over its subsidiary. It is well settled that such an allegation is insufficient to pierce the corporate veil. *See McAnaney*, 665 F. Supp. 2d at 145 (citing cases and holding that "controlling ownership interest in subsidiaries, reporting of consolidated results of such subsidiaries in public filings, and overlapping directors and officers between parent and subsidiary corporations—are commonplace as generally-accepted corporate form, and are insufficient without more, as a matter of law, to eviscerate the presumption of corporate separateness"). None of the other factors considered by courts that tend to show domination are alleged in the Complaint. Thus, the Complaint fails to allege sufficient facts which, if true, plausibly demonstrate that GE dominated WMC Mortgage at all, let alone with complete domination over the transaction at issue. Accordingly, GE's motion to dismiss is granted.

III.   Chase's Motion for Judgment on the Pleadings

   a. *TILA Claim*

TILA provides that "[a]ny action under this section may be brought . . . within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e); *see, e.g.*, *Council v. Better Homes Depot, Inc.*, 2006 WL 2376381, at *9 (E.D.N.Y. Aug. 16, 2006). "In cases involving 'closed-end' credit transactions such as mortgages, the 'occurrence of the violation' typically refers to the date on which a plaintiff enters into a loan agreement." *Barkley v. Olympia Mortg. Co.*, 2007 WL 2437810, at * 17 (E.D.N.Y. Aug. 22, 2007) (citations omitted). The record clearly demonstrates that, with regard to the transaction at issue, plaintiff entered the loan agreement on April 7, 2006—more than one year prior to the filing of the instant action on June 4, 2010. (Compl. ¶ 5.) In his opposition, plaintiff ignores the statute of limitations issue.[4] Accordingly, plaintiff's TILA claim is hereby dismissed.[5]

   b. *ECOA & FHA Claims*

Both the ECOA and the FHA set forth a "two-year statute of limitations period*." M&T Mortg. Corp. v. White*, 736 F. Supp. 2d 538, 555 (E.D.N.Y. 2010) (citing 15 U.S.C. § 1691e(f) and 42 U.S.C. § 3613(a)(1)(A)). "The ECOA starts the clock on the 'date of the occurrence of the violation,' while the FHA period begins to

---

[4] It should be noted that plaintiff failed to argue in opposition that equitable tolling should apply. Plaintiff is not proceeding *pro se*, and, therefore, the court is under no duty to peruse his papers for the strongest arguments suggested or to read his complaint liberally.

[5] To the extent plaintiff also seeks rescission of the loans due to alleged violations of TILA, the statute of limitations for rescission is three years. As discussed above, this action was commenced more than three years after the loans originated. Thus, a rescission claim is also barred as a matter of law.

run on the 'occurrence or the termination of an alleged discriminatory housing practice.'" *Id.* (quoting 15 U.S.C. § 1691e(f) and 42 U.S.C. § 3613(a)(1)(A)). As with the TILA claim, the record demonstrates that plaintiff entered into the allegedly discriminatory transactions (*i.e.*, the loan agreements), more than two years prior to the filing of the instant action. Thus, plaintiff's ECOA & FHA claims are dismissed.

    c. *Claims Arising Under New York State Law*

        i. New York General Business Law § 349

The statute of limitations for New York General Business Law § 349 claims is three years, and accrues when plaintiff becomes injured by the prohibited deceptive act or practice. *See Schandler v. New York Life Ins. Co.*, 2011 WL 1642574, at *4 (S.D.N.Y. Apr. 26, 2011). As discussed, the relevant transactions and complained-of conduct occurred more than three years prior to the filing of this action. Accordingly, plaintiff's claims under § 349 are time-barred.

        ii. Fraud

There are five elements of a fraud claim under New York common law: (1) representation or omission of a material existing fact; (2) knowledge by the defendant of its falsity; (3) scienter or intent to defraud; (4) reasonable reliance on the representation by the plaintiff; (5) and resulting damage or injury. *See Schlaifer Nance & Co. v. Estate of Warhol*, 119 F.3d 91, 98 (2d Cir. 1997). There are no allegations in the Complaint that could plausibly suggest that Chase committed fraud upon the plaintiff. Plaintiff fails to allege that Chase made a specific misrepresentation or omission in furtherance of the transactions at issue. Notably,

6

there appears to be a very good reason for this shortcoming. The Complaint alleges that Chase is the mere servicer of the loan. (Compl. ¶ 4.) Thus, there appears to be no direct connection between Chase and the transactions at issue. Accordingly, the Complaint fails to state a fraud claim against Chase.

      iii. Unconscionability

New York law recognizes both procedural and substantive forms of unconscionability. Procedural unconscionability is found where the contract formation process involved a "lack of meaningful choice," which is assessed in light of all the circumstances surrounding the contract, including whether each party had a reasonable opportunity to understand the terms of the contract, whether deceptive tactics were employed, the use of fine print, and disparities in education, experience and bargaining power. *Gillman v. Chase Manhattan Bank, N.A.*, 73 N.Y.2d 1, 10-11 (1988). Substantive unconscionability "entails an analysis of the substance of the bargain to determine whether the terms were unreasonably favorable to the party against whom unconscionability is urged." *Id.* at 12. Chase was not a party to the transactions at issue. Accordingly, the Complaint fails to state an unconscionability claim against Chase.

      iv. New York Banking Law § 598(3)

New York Banking Law § 598(3) provides for liquidated damages "against a licensee, registrant or exempt organization for breach of contract or agreement to make a mortgage loan . . . ." As discussed above, plaintiff has not alleged that Chase was a party to the transactions at issue or that it constitutes a "licensee,

7

registrant or exempt organization," nor does plaintiff plead a cause of action for breach of contract against Chase. Accordingly, the Complaint fails to state a § 598(3) claim against Chase.

> v. Misappropriation of Funds & Accounting

"The right to an accounting rests on the existence of a trust or fiduciary relationship regarding the subject matter of the controversy at issue." *Akkaya v. Prime Time Transp., Inc.*, 45 A.D.3d 616, 617 (2d Dep't 2007). The plaintiff has not alleged that Chase was involved in the transactions at issue, let alone the existence of any special relationship between himself and Chase regarding the transactions that would support his claims. Moreover, plaintiff has failed to allege that Chase handled the funds expended at closing. Consequently, the accounting and misappropriation claims claim must be dismissed.

## CONCLUSION

For the foregoing reasons, GE's motion to dismiss and Chase's motion for judgment on the pleadings are granted. Construing the Complaint and plaintiff's opposition papers liberally, the court declines to grant plaintiff leave to replead via an amended complaint. The claims that are time barred (TILA, ECOA, FHA and § 349) are dismissed with prejudice.

However, the remaining claims (fraud, unconscionability and § 598(3), accounting), present a slightly closer question, warranting a brief discussion. "The decision to grant leave to amend is within the sound discretion of the trial court." *Bay Harbour Mgmt. LLC V. Carothers*, 474 F. Supp. 2d 501, 502 (S.D.N.Y. 2007)

8

(citation omitted). As discussed throughout this Memorandum & Order, these claims appear to have been brought without a good faith factual basis, and plaintiff's allegations cast significant doubt on the possibility of ever properly stating a claim. Moreover, plaintiff's submissions in opposition to the motions make clear that he does not have any other theory or allegations to put forward that might sustain such claims. In fact, plaintiff appears to be relying on discovery to ferret-out, if possible, the facts needed to properly state these claims. In light of the foregoing, the court is convinced that, if granted leave to file an amended complaint, plaintiff would make mere superficial changes that would inevitably prompt a second viable motion to dismiss. Accordingly, all of plaintiff's claims against GE and Chase are dismissed with prejudice. Lastly, the Complaint is dismissed without prejudice as against United for lack of service. (Docket Entry 26.)

SO ORDERED.

Dated: Brooklyn, New York
      July 5, 2010

                                                          /s/
                                            DORA L. IRIZARRY
                                    United States District Judge